# EXHIBIT A

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

LAURA KANEASTER,                    )
                                    )
                Plaintiff,          )
                                    )
v.                                  )       Case No. 2216-CV03974
                                    )
PAUL L. PHILLIPS                    )
and ARMSTRONG BUILDERS, INC.,       )
                                    )
                Defendants.         )

## NOTICE OF FILING NOTICE OF REMOVAL

TO:    CLERK OF THE COURT, CIRCUIT COURT OF JACKSON COUNTY, MISSOURI, and ALL COUNSEL OF RECORD:

Please take notice that on the 19th day of April, 2022, Defendant Paul Phillips did file in United States District Court for the Western District of Missouri, Western Division ("District Court") his Notice of Removal of the above-styled case to the District Court. A copy of the Notice of Removal filed in the U.S. District Court is attached hereto as Exhibit 1.

By filing the notice of removal, providing written notice to the Clerk of the Circuit Court of Jackson County, Missouri at Kansas City, and providing written notice to counsel of record for Plaintiff, removal is effectuated pursuant to 28 U.S.C. § 1446(d). By operation of law, this case is now removed to the United States District Court for the Western District of Missouri, Western Division, and all proceedings in this Court are stayed unless and until this case is remanded.

Respectfully Submitted,

*/s/ James R. Jarrow*

| | |
|---|---|
| James R. Jarrow | MO #38686 |
| John A. Watt | MO #52516 |

BAKER STERCHI COWDEN & RICE, L.L.C.
2400 Pershing Road, Suite 500
Kansas City, MO 64108
Telephone:   (816) 471-2121
Facsimile:   (816) 472-0288
Email: jarrow@bscr-law.com
       jwatt@bscr-law.com
ATTORNEYS FOR DEFENDANT
PAUL PHILLIPS

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served via email on this 19th day of April, 2022, to the following:

Kevin Young, Esq.
Peterson & Associates, P.C.
801 W. 47th Street, Suite 107
Kansas City, MO 64112
kty@petersonlawfirm.com
ATTORNEYS FOR PLAINTIFF


Armstrong Builders, Inc.
1701 Tullamore Ave., Suite A
Bloomington, IL 61704
emegli@lbbs.com
DEFENDANT ARMSTRONG BUILDERS, INC.

*/s/ James R. Jarrow*

2

Electronically Filed - Jackson - Kansas City - February 22, 2022 - 03:06 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**

| | |
|---|---|
| LAURA KANEASTER, )|  |
| ) |  |
| Plaintiff, ) |  |
| ) |  |
| v. ) | Case No. |
| ) |  |
| PAUL L. PHILLIPS, ) |  |
| Serve at: ) |  |
| 1378 N. 2700 East Road ) |  |
| Le Roy, IL 61752 ) |  |
| ) |  |
| AND ) |  |
| ) |  |
| ARMSTRONG BUILDERS, INC., ) |  |
| Serve at: ) |  |
| Registered Agent ) |  |
| Thomas Armstrong ) |  |
| 1701 Tullamore Ave. Suite A ) |  |
| Bloomington, IL 61704 ) |  |
| ) |  |
| Defendants. ) |  |

**PETITION FOR DAMAGES**

**COMES NOW** Plaintiff Laura Kaneaster, on behalf of the wrongful death class and by and through her undersigned counsel, and for her Petition for Damages against Defendants, state and allege as follows:

**ALLEGATIONS COMMON TO ALL COUNTS**

1. Plaintiff Laura Kaneaster is a surviving natural mother of decedent Trace Kaneaster; as such, Plaintiff Laura Kaneaster is a proper party pursuant to Missouri's Wrongful Death Statute, R.S.Mo. §§537.080, et seq., to bring a wrongful death action on behalf of all Class I beneficiaries of Decedent.

2.      At all times relevant to this action, Defendant Paul Phillips ("Defendant Phillips") was and is a resident of Illinois. He can be served at his residence located at 1378 N. 2700 East Road, Le Roy, IL 61752

3.      At all times relevant to this action, Defendant Armstrong Builders, Inc. ("Armstrong Builders") was and is an Illinois company. It can be served at its registered agent: Thomas Armstrong, 1701 Tullamore Ave. Suite A, Bloomington, IL 61704.

4.      Venue is proper before this court pursuant to RSMO. section 508.010.4, Plaintiff Trace Kaneaster was first injured in Jackson County, Missouri by the wrongful acts or negligent conduct of Defendants as more fully set forth herein.

5.      This Court has general and subject matter jurisdiction over these Defendants and over these tortious acts.

6.      On June 22, 2021, at around 9:52 P.M. Plaintiff Trace Kaneaster was operating a 2004 Suzuki motorcycle eastbound on Blue Ridge Boulevard and was approaching the intersection of Blue Ridge Boulevard and Michigan Avenue in Kansas City, Jackson County, Missouri.

7.      At that location Blue Ridge Boulevard has one eastbound lane and one westbound lane and a double yellow line separating the two lanes of travel.

8.      At said time and place, Defendant Phillips was operating a 2020 Ford F-150 and was traveling westbound on Blue Ridge Boulevard just east of the intersection of Blue Ridge Boulevard and Michigan Avenue.

9.      At said time and place the weather was clear, the road was relatively straight and flat, and the road surface was dry.

10.     At said time and place Defendant Phillips attempted to turn left onto southbound Michigan Avenue and crossed over the eastbound lane of Blue Ridge Boulevard.

11.     The motorcycle operated by Decedent Trace Kaneaster's crashed into the truck operated by Defendant Phillips.

12.     At the time of the crash a vehicle, such the truck operated by Defendant Phillips, had a legal obligation to yield to traffic eastbound on Blue Ridge Boulevard.

13.     As a result of said crash, decedent Trace Kaneaster died.

14.     The Ford F-150 operated by Defendant Armstrong was owned by Defendant Armstrong Builders.

15.     Defendant Phillips was at all relevant times mentioned herein an agent and employee of Armstrong Builders, Inc. acting in the scope and furtherance of said principal/employer.

16.     As a result of previous paragraph, Defendant Armstrong Builders, Inc. is vicariously liable for all negligent acts and omissions of Defendant Phillips.

## COUNT I

### Wrongful Death

### (Plaintiff v. Defendant Phillips)

17.     All above paragraphs are hereby incorporated by reference as though fully set forth herein.

18.     As a driver operating a motor vehicle in the State of Missouri the Defendant Phillips had a duty to operate his motor vehicle with the highest degree of care

19.     Defendant Phillips was negligent in failing to use that degree of care that a very careful person would use under the same or similar circumstances in one or more of the following respects:

    a.     By failing to keep a careful lookout;

    b.     By failing to yield the right of way;

    c.     By failing to drive his vehicle at an appropriate speed given traffic conditions;

d.      By failing to properly signal his left turn;

e.      By operating his truck in a careless and imprudent manner;

f.      By failing to maintain his lane of traffic.

20.    At the time of said crash the State of Missouri had in full force and in effect various traffic statutes that Defendant Phillips violated which constitute negligence per se and that the specific statutes that were violated are set forth in pertinent part:

a.      In failing to yield the right-of way in violation of RSMo. section 304.351;

b.      In failing to keep a careful lookout in violation of RSMo. section 304.012;

c.      In driving at excessive speed under the circumstances in violation of RSMo. section 304.012;

d.      In failing to maintain his lane of traffic in violation of RSMo. section 304.015;

e.      In failing to properly signal his left turn in violation of RSMo. section 304.019;

f.      By operating his truck in a careless and imprudent manner in violation of RSMo. section 304.012;

21.    As a motorist of the highways and roads in the State of Missouri, Plaintiff Trace Kaneaster a member of the class of persons intended to be protected by the enactment of the aforementioned regulations.

22.    The damages sustained by decedent Trace Kaneaster were the type of injuries that the aforementioned regulations were intended to prevent.

23.    Defendants' negligence, as set forth in the preceding paragraph directly and proximately caused or contributed to cause the death of Trace Kaneaster.

24.    As a direct and proximate result of the acts and omissions of Defendant, herein decedent suffered physical and mental pain and anguish prior to his death.

25. As a direct and proximate result of the acts and omissions of Defendant, Decedent, Plaintiff, or other Class I beneficiaries, were forced to expend monies in connection with decedent's medical treatment prior to his death, for funeral and burial expenses in connection with decedent's death, and for such other expenses.

26. As a direct and proximate result of the acts and omissions of Defendant, Plaintiff, and other Class I beneficiaries have been and will be forever deprived of decedent's valuable services, consortium, companionship, comfort, instruction, guidance, counsel, training, spiritual, and emotional support.

27. As a direct and proximate result of the acts and omissions of Defendant, Plaintiff, and other Class I beneficiaries have suffered and will in the future suffer great mental pain and anguish resulting from decedent's untimely and agonizing death.

**WHEREFORE**, Plaintiff Laura Kaneaster prays for judgment against Defendant Phillips in an amount that is fair, just, reasonable and in excess of $25,000.00 together with any and all costs herein incurred and expended, for prejudgment interest pursuant to R.S.Mo § 408.040 and post judgment interest, and for such other and further relief as the Court may deem necessary and proper.

## COUNT II

### Wrongful Death

### (Plaintiff v. Defendant Armstrong Builders, Inc.)

28. All above paragraphs are hereby incorporated by reference as though fully set forth herein

29. The negligence of Defendant Phillips is imputed to Defendant Armstrong Builders, Inc. as stated above.

30.     As a driver operating a motor vehicle in the State of Missouri the Defendant Armstrong Builders, Inc., through its agent/employee Phillips, had a duty to operate its motor vehicle with the highest degree of care

31.     Defendant Armstrong Builders, Inc. was vicariously negligent in failing to use that degree of care that a very careful person would use under the same or similar circumstances in one or more of the following respects:

        a.     By failing to keep a careful lookout;

        b.     By failing to yield the right of way;

        c.     By failing to drive his vehicle at an appropriate speed given traffic conditions;

        d.     By failing to properly signal his left turn;

        e.     By operating his truck in a careless and imprudent manner;

        f.     By failing to maintain his lane of traffic.

32.     That at the time of said crash the State of Missouri had in full force and in effect various traffic statutes that Defendant Phillips violated which constitute negligence per se and that the specific statutes that were violated are set forth in pertinent part:

        a.     In failing to yield the right-of way in violation of RSMo. section 304.351;

        b.     In failing to keep a careful lookout in violation of RSMo. section 304.012;

        c.     In driving at excessive speed under the circumstances in violation of RSMo. section 304.012;

        d.     In failing to maintain his lane of traffic in violation of RSMo. section 304.015;

        e.     In failing to properly signal his left turn in violation of RSMo. section 304.019;

        f.     By operating his truck in a careless and imprudent manner in violation of RSMo. section 304.012;

33.     As a motorist of the highways and roads in the State of Missouri, Plaintiff Trace Kaneaster a member of the class of persons intended to be protected by the enactment of the aforementioned regulations.

34.     The damages sustained by decedent Trace Kaneaster were the type of injuries that the aforementioned regulations were intended to prevent.

35.     Defendant's negligence, as set forth in the preceding paragraph directly and proximately caused or contributed to cause the death of Trace Kaneaster.

36.     As a direct and proximate result of the acts and omissions of Defendant, herein decedent suffered physical and mental pain and anguish prior to his death.

37.     As a direct and proximate result of the acts and omissions of Defendant, Decedent, Plaintiff, or other Class I beneficiaries, were forced to expend monies in connection with decedent's medical treatment prior to his death, for funeral and burial expenses in connection with decedent's death, and for such other expenses.

38.     As a direct and proximate result of the acts and omissions of Defendant, Plaintiff, and other Class I beneficiaries have been and will be forever deprived of decedent's valuable services, consortium, companionship, comfort, instruction, guidance, counsel, training, spiritual, and emotional support.

39.     As a direct and proximate result of the acts and omissions of Defendant, Plaintiff, and other Class I beneficiaries have suffered and will in the future suffer great mental pain and anguish resulting from decedent's untimely and agonizing death.

WHEREFORE, Plaintiff Laura Kaneaster prays for judgment against Defendant Armstrong Builders, Inc. in an amount that is fair, just, reasonable and in excess of $25,000.00, together with any and all costs herein incurred and expended, for prejudgment interest pursuant to R.S.Mo § 408.040

and post judgment interest, and for such other and further relief as the Court may deem necessary and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues.

Respectfully submitted,

PETERSON & ASSOCIATES, P.C.

/s/    Kevin T. Young
Kevin Young  #62451
801 W. 47th Street, Suite 107
Kansas City, Missouri 64112
(816) 531-4440
(816) 531-0660 (Facsimile)
kty@petersonlawfirm.com

Electronically Filed - Jackson - Kansas City - February 22, 2022 - 03:06 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**

| | | |
|---|---|---|
| LAURA KANEASTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| PAUL L. PHILLIPS, | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| ARMSTRONG BUILDERS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DESIGNATION OF LEAD COUNSEL**

COMES NOW Kevin T. Young and hereby Notifies the Court that Kevin T. Young shall be lead counsel in the above captioned case.

PETERSON & ASSOCIATES, P.C.

/s/    Kevin T. Young
Kevin Young  #62451
801 W. 47th Street, Suite 107
Kansas City, Missouri 64112
(816) 531-4440
(816) 531-0660 (Facsimile)
kty@petersonlawfirm.com

**ATTORNEY FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I hereby certify that this document is being filed electronically with the Circuit Court Clerk. Opposing counsel is served through the electronic filing system as provided in Missouri Supreme Court Rule 103.08. Service by the electronic filing system is complete upon transmission except that, for the purpose of calculating the time for filing a response, a transmission made on a Saturday, Sunday, or legal holiday, or after 5:00p.m., shall be considered complete on the next day that is not a Saturday, Sunday, or legal holiday.

*/s/ Kevin T. Young*
Kevin T. Young

Electronically Filed - Jackson - Kansas City - February 22, 2022 - 03:06 PM

### IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

| | | |
|---|---|---|
| **LAURA KANEASTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.** |
| | ) | |
| **PAUL L. PHILLIPS,** | ) | |
| | ) | |
| **AND** | ) | |
| | ) | |
| **ARMSTRONG BUILDERS, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### MOTION FOR APPOINTMENT OF PRIVATE PROCESS SERVER

COMES NOW <u>Plaintiff/Petitioner</u>, by and through counsel, and pursuant to Local Rule 4.9 of Jackson County Court Rules, hereby moves for the appointment of HPS Process Service & Investigations, Inc.:

| | | | |
|---|---|---|---|
| Will Acree | PPS22-0369 | Stephen C. Buskirk | PPS22-0121 |
| Jan E. Adams | PPS22-0111 | Peggy Butcher | PPS22-0379 |
| Roger Adams | PPS22-0112 | Steve Butcher | PPS22-0380 |
| Kyle Adcock | PPS22-0370 | Naoshia Butler | PPS22-0479 |
| Paul Aizel | PPS22-0371 | Danny M. Callahan | PPS22-0123 |
| Bobby Ali | PPS22-0372 | Thomas D. Campbell | PPS22-0381 |
| Sandra M. Allen | PPS22-0113 | Anna Canole | PPS22-0382 |
| Stacy M. Anderson | PPS22-0373 | Esquiel Cantu | PPS22-0125 |
| John Arnold | PPS22-0374 | William J. Caputo | PPS22-0126 |
| Tonya Arruda | PPS22-0474 | Andre Carnes, Jr. | PPS22-0265 |
| Teresa Bailly | PPS22-0114 | Samantha Carpenter | PPS22-0383 |
| Joseph Baska | PPS22-0375 | Charles Casey | PPS22-0127 |
| Martez A. Bean | PPS22-0476 | George L. Castillo | PPS22-0128 |
| Richard Benito | PPS22-0115 | Carolyn S. Champlin | PPS22-0013 |
| Keith Blanchard | PPS22-0376 | Crystal Chapman | PPS22-0129 |
| Dianna J. Blea | PPS22-0116 | Kathleen Clor | PPS22-0384 |
| Richard J. Blea | PPS22-0117 | Pamela Coats | PPS22-0385 |
| Sheila P. Brooks | PPS22-0119 | Randy G. Cobb | PPS22-0130 |
| Kathy Broom | PPS22-0120 | Chad Compton | PPS22-0132 |
| Douglas Brower | PPS22-0477 | Kenneth Condrey | PPS22-0386 |
| Jesse Bruce, Jr. | PPS22-0377 | Sharon Condrey | PPS22-0387 |
| James Burke | PPS22-0378 | Theodore Cordasco | PPS22-0388 |
| Alese Burris | PPS22-0478 | George Covert, II | PPS22-0389 |
| Gary Burt | PPS22-0012 | Christine Crawford | PPS22-0390 |

| | | | |
|---|---|---|---|
| Janet Darragh | PPS22-0391 | James Hannah | PPS22-0030 |
| Bryce Dearborn | PPS22-0392 | Tim Harris | PPS22-0486 |
| Robert Delacy, III | PPS22-0393 | Christy Hartline | PPS22-0149 |
| Robert Delacy, Jr. | PPS22-0394 | James Harvey | PPS22-0150 |
| Dominic DellaPorte | PPS22-0134 | Grace Hazell | PPS22-0151 |
| Richard Dixson | PPS22-0395 | Stephen Heitz | PPS22-0035 |
| Claudia Dohn | PPS22-0482 | Austen Hendrickson | PPS22-0487 |
| Angela Donahue | PPS22-0396 | Jonathan Hennings | PPS22-0416 |
| Dale Dorning | PPS22-0135 | Jessie J. Hernandez | PPS22-0153 |
| Cathrene Drake | PPS22-0483 | Justin J. Herndandez | PPS22-0154 |
| John Dressler | PPS22-0397 | Michael Hibler | PPS22-0155 |
| Rebecca Dressler | PPS22-0398 | Shelby Hibler | PPS22-0156 |
| Alexander C. Duaine | PPS22-0136 | Trinity Hibler | PPS22-0157 |
| Thomas Elmore | PPS22-0399 | James Hise | PPS22-0294 |
| Abel Emiru | PPS22-0137 | Bobbi Hohnholt | PPS22-0417 |
| Donald Eskra, Jr. | PPS22-0400 | Martin Hueckel | PPS22-0159 |
| Sadie Estes | PPS22-0138 | Michael Huffman | PPS22-0039 |
| Cindy Ethridge | PPS22-0401 | Pamela Huffman | PPS22-0040 |
| Larry Evans | PPS22-0402 | Anthony Iavarone | PPS22-0160 |
| Robert Fairbanks | PPS22-0403 | George Illidge | PPS22-0161 |
| William F. Ferrell | PPS22-0022 | Glenn Jackson | PPS22-0163 |
| Robert Finley | PPS22-0023 | Frank H. James | PPS22-0418 |
| Kim Fletcher | PPS22-0404 | Matthew Jankowski | PPS22-0419 |
| Ryan Fortune | PPS22-0405 | Betty A. Johnson | PPS22-0164 |
| John K. Frago | PPS22-0026 | Justin L. Johnson | PPS22-0165 |
| Rhonda Frerichs | PPS22-0406 | Kenneth Kearney | PPS22-0168 |
| Kelsey Garrett | PPS22-0407 | Michael Keating | PPS22-0420 |
| Joseph S. Gates | PPS22-0141 | Christopher Keilbart | PPS22-0421 |
| Natalie Gay | PPS22-0408 | Brent Kirkhart | PPS22-0046 |
| Patti Gay | PPS22-0409 | Janice Kirkhart | PPS22-0047 |
| Richard Gerber | PPS22-0410 | Tyler Kirkhart | PPS22-0048 |
| Louis Gerrick | PPS22-0142 | Gerald Kirschner | PPS22-0422 |
| Monica Gillespie | PPS22-0484 | Michele L. Kriner | PPS22-0169 |
| Adam Golden | PPS22-0411 | Wyman T. Kroft | PPS22-0423 |
| Brad Gordon | PPS22-0144 | Andrea Lambros | PPS22-0424 |
| Tom Gorgone | PPS22-0145 | Cecile R. Landrum | PPS22-0170 |
| Kimberly Greenway | PPS22-0146 | James R. LaRiviere | PPS22-0171 |
| Lynne Grimes | PPS22-0147 | Anthony Lazzara | PPS22-0425 |
| Paul Grimes | PPS22-0485 | John Lichtenegger | PPS22-0489 |
| Charles R. Gunning | PPS22-0028 | Bryan Liebhart | PPS22-0172 |
| Leon Gustus | PPS22-0412 | Charles Lindsay, Jr. | PPS22-0173 |
| David Hahn | PPS22-0413 | Bert Lott | PPS22-0174 |
| Eric Hahn | PPS22-0414 | Dawn Luce | PPS22-0426 |
| Stefanie Hahn | PPS22-0415 | Ellen MacFarland | PPS22-0427 |
| Darnell E. Hamilton | PPS22-0029 | Robert Maliuuk | PPS22-0428 |

| | | | |
|---|---|---|---|
| Winnonna Maliuuk | PPS22-0429 | Nancy Porter | PPS22-0442 |
| Richard Markowitz | PPS22-0430 | Benjamin Purser | PPS22-0498 |
| Michael Marra | PPS22-0179 | Richard Ramirez | PPS22-0443 |
| Deborah J. Martin | PPS22-0175 | Charles Reardon | PPS22-0444 |
| Michael Martin | PPS22-0176 | Christopher Reed | PPS22-0210 |
| Thomas Matthews | PPS22-0180 | Edward Reed | PPS22-0445 |
| Michael McCann | PPS22-0431 | Gavin Rees | PPS22-0446 |
| Michael J. McMahon | PPS22-0183 | Craig Reynolds | PPS22-0447 |
| Michael Meador | PPS22-0060 | Betty G. Rice | PPS22-0448 |
| James R. Meadows | PPS22-0186 | Karen L. Rice | PPS22-0449 |
| Nancy Meashaw | PPS22-0432 | Terri Richards | PPS22-0212 |
| Jerry Melber | PPS22-0187 | Cheryl Richey | PPS22-0213 |
| Eric Mendenhall | PPS22-0434 | Richard C. Ross | PPS22-0215 |
| Jenna Mendoza | PPS22-0188 | David M. Roberts | PPS22-0086 |
| Matthew Millhollin | PPS22-0062 | Patricia J. Roberts | PPS22-0087 |
| Amanda L. Mincheff | PPS22-0189 | Edna L. Russell | PPS22-0093 |
| Vivian G. Mitchell | PPS22-0190 | Mark A. Russell, Jr. | PPS22-0218 |
| Carla Monegain | PPS22-0434 | Ligno Sanchez | PPS22-0450 |
| Christopher Moore | PPS22-0435 | Brenda M. Schiwitz | PPS22-0094 |
| Michael Morrison | PPS22-0436 | Edward Schuch | PPS22-0451 |
| Zachary Mueller | PPS22-0437 | Nathaniel Scott | PPS22-0219 |
| Linda M. Murphy | PPS22-0191 | Richard Shaver | PPS22-0221 |
| Kelly A. Murski | PPS22-0192 | Joe B. Sherrod | PPS22-0222 |
| Paul Nadarzzi | PPS22-0193 | Katie Shiflett | PPS22-0452 |
| Jeremy L. Nicholas | PPS22-0194 | Kenneth Short | PPS22-0453 |
| Jeffrey L. Nichols | PPS22-0195 | Jeannie M. Simon | PPS22-0223 |
| Michael Noble | PPS22-0196 | Kenyardia Sims | PPS22-0500 |
| Michael Nolan | PPS22-0491 | Raymond Sinclair | PPS22-0454 |
| Colter Norris | PPS22-0197 | Thomas H. Skinner | PPS22-0224 |
| Dennis Norris | PPS22-0198 | Brian Smith | PPS22-0225 |
| Kody Norris | PPS22-0199 | Bryan Smith | PPS22-0501 |
| Daryl Oesterich | PPS22-0438 | Gean Smith | PPS22-0226 |
| Elizabeth Ostman | PPS22-0439 | John K. Smith | PPS22-0502 |
| Tory J. Owens | PPS22-0071 | Anthony Spada | PPS22-0228 |
| Craig Palmer | PPS22-0440 | Melissa Spencer | PPS22-0503 |
| Cynthia Paris | PPS22-0441 | Barbara Steil | PPS22-0455 |
| Orlando Parra-Alvarez | PPS22-0201 | Randy Stone | PPS22-0229 |
| Cody Patton | PPS22-0202 | Sonja R. Stone | PPS22-0230 |
| James Perna | PPS22-0494 | Steven Stosur | PPS22-0456 |
| George Perry | PPS22-0495 | Brittney Strozier | PPS22-0231 |
| Vincent A. Piazza | PPS22-0204 | Kenneth Sullenberger | PPS22-0504 |
| Brian Pierce | PPS22-0496 | Cody Swartz | PPS22-0457 |
| Timothy Pinney | PPS22-0205 | Ramona Talvacchio | PPS22-0458 |
| Kenny Polizzi | PPS22-0497 | Jeffrey Teitel | PPS22-0233 |
| Evelyn L. Porter | PPS22-0206 | Devon M. Thomas | PPS22-0459 |

| | | | | |
|---|---|---|---|---|
| Jeffrey Thomas | PPS22-0460 | | Stephan R. Waters | PPS22-0242 |
| LaVonda Martinez-Thompson | PPS22-0461 | | Barbara West | PPS22-0466 |
| Michelle Tomlin | PPS22-0462 | | Jane Weston | PPS22-0467 |
| Sean Updegrave | PPS22-0463 | | Roger White | PPS22-0468 |
| Harold Vantassel | PPS22-0512 | | Sheri Williams | PPS22-0469 |
| Margarita Vasquez | PPS22-0235 | | Gregory Willing | PPS22-0105 |
| Robert E. Vick, II | PPS22-0238 | | Conni Wilson | PPS22-0107 |
| Bradley Votaw | PPS22-0239 | | Deborah A. Wilson | PPS22-0470 |
| Beth Wachowski | PPS22-0464 | | Mitch Wirth | PPS22-0245 |
| Joseph Wachowski | PPS22-0465 | | Robert Yates | PPS22-0513 |
| Ambiko Wallace | PPS22-0240 | | Michele A. Zera | PPS22-0471 |
| Vance M. Warren, Sr. | PPS22-0241 | | | |

as private process servers in the above-captioned matter. In support of said motion, Plaintiff/Petitioner states that the above-named individuals are on the Court's list of approved process servers and the information contained in their applications and affidavits on file is current and still correct.

Respectfully Submitted,
/s/ Kevin T. Young
Plaintiff/Petitioner's Signature

## ORDER FOR APPOINTMENT OF PRIVATE PROCESS SERVER

It is hereby ordered that Petitioner/Plaintiff's Motion for Appointment of Private Process Server is sustained and the above-named individuals are hereby appointed to serve process in the above captioned matter.

DATE: _____          _____
                                                                   Judge or Circuit Clerk

Electronically Filed - Jackson - Kansas City - February 22, 2022 - 03:06 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**

| | |
|---|---|
| LAURA KANEASTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| PAUL L. PHILLIPS, | ) |
| | ) |
| AND | ) |
| | ) |
| ARMSTRONG BUILDERS, INC., | ) |
| | ) |
| Defendants. | ) |

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that a copy of the following was served along with the summons and Petition on Defendants.

- *Plaintiff's First Set of Interrogatories to Defendant Armstrong Builders, Inc.,*
- *Plaintiff's First Set of Interrogatories to Defendant Paul Phillips*
- *Plaintiff's First Set of Request for Production to Defendant Armstrong Builders, Inc.,*
- *Plaintiff's First Set of Request for Production to Defendant Paul Phillips*

<u>**PETERSON & ASSOCIATES, P.C.**</u>

<u>/s/ Kevin T. Young</u>
Kevin Young  #62451
801 W. 47th Street, Suite 107
Kansas City, Missouri 64112
(816) 531-4440
(816) 531-0660 (Facsimile)
<u>kty@petersonlawfirm.com</u>

<u>**ATTORNEYS FOR PLAINTIFF**</u>

## CERTIFICATE OF SERVICE

I hereby certify that this document is being filed electronically with the Circuit Court Clerk. Opposing counsel is served through the electronic filing system as provided in Missouri Supreme Court Rule 103.08. Service by the electronic filing system is complete upon transmission except that, for the purpose of calculating the time for filing a response, a transmission made on a Saturday, Sunday, or legal holiday, or after 5:00p.m., shall be considered complete on the next day that is not a Saturday, Sunday, or legal holiday.

*/s/ Kevin T. Young*
Kevin T. Young

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

LAURA KANEASTER,

|  |  |
|---|---|
| **PLAINTIFF(S),** | **CASE NO.** 2216-CV03974 |
| **VS.** | **DIVISION 9** |

PAUL PHILLIPS,

### DEFENDANT(S).

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE
## AND ORDER FOR MEDIATION

---

NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable JOEL P FAHNESTOCK on 13-JUN-2022 in DIVISION 9 at 09:00 AM. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

At the Case Management Conference, counsel should be prepared to address at least the following:

    a.      A trial setting;

    b.      Expert Witness Disclosure Cutoff Date;

    c.      A schedule for the orderly preparation of the case for trial;

    d.      Any issues which require input or action by the Court;

    e.      The status of settlement negotiations.

Case 4:22-cv-00253-DGK   Document 1-1   Filed 04/19/22   Page 20 of 31

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

_/S/ JOEL P FAHNESTOCK_
JOEL P FAHNESTOCK**, Circuit Judge**

## Certificate of Service

This is to certify that a copy of the foregoing was mailed postage pre-paid or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
KEVIN TIMOTHY YOUNG, 801 W 47TH ST, SUITE 107, KANSAS CITY, MO 64112

Defendant(s):
PAUL PHILLIPS
ARMSTRONG BUILDERS, INC.

Dated: 03-MAR-2022                    MARY A. MARQUEZ
                                      Court Administrator

Electronically Filed - Jackson - Kansas City - February 22, 2022 - 03:06 PM

### IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

| | | |
|---|---|---|
| **LAURA KANEASTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.** |
| | ) | |
| **PAUL L. PHILLIPS,** | ) | |
| | ) | |
| **AND** | ) | |
| | ) | |
| **ARMSTRONG BUILDERS, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### <u>MOTION FOR APPOINTMENT OF PRIVATE PROCESS SERVER</u>

COMES NOW <u>Plaintiff/Petitioner</u>, by and through counsel, and pursuant to Local Rule 4.9 of Jackson County Court Rules, hereby moves for the appointment of HPS Process Service & Investigations, Inc.:

| | | | |
|---|---|---|---|
| Will Acree | PPS22-0369 | Stephen C. Buskirk | PPS22-0121 |
| Jan E. Adams | PPS22-0111 | Peggy Butcher | PPS22-0379 |
| Roger Adams | PPS22-0112 | Steve Butcher | PPS22-0380 |
| Kyle Adcock | PPS22-0370 | Naoshia Butler | PPS22-0479 |
| Paul Aizel | PPS22-0371 | Danny M. Callahan | PPS22-0123 |
| Bobby Ali | PPS22-0372 | Thomas D. Campbell | PPS22-0381 |
| Sandra M. Allen | PPS22-0113 | Anna Canole | PPS22-0382 |
| Stacy M. Anderson | PPS22-0373 | Esquiel Cantu | PPS22-0125 |
| John Arnold | PPS22-0374 | William J. Caputo | PPS22-0126 |
| Tonya Arruda | PPS22-0474 | Andre Carnes, Jr. | PPS22-0265 |
| Teresa Bailly | PPS22-0114 | Samantha Carpenter | PPS22-0383 |
| Joseph Baska | PPS22-0375 | Charles Casey | PPS22-0127 |
| Martez A. Bean | PPS22-0476 | George L. Castillo | PPS22-0128 |
| Richard Benito | PPS22-0115 | Carolyn S. Champlin | PPS22-0013 |
| Keith Blanchard | PPS22-0376 | Crystal Chapman | PPS22-0129 |
| Dianna J. Blea | PPS22-0116 | Kathleen Clor | PPS22-0384 |
| Richard J. Blea | PPS22-0117 | Pamela Coats | PPS22-0385 |
| Sheila P. Brooks | PPS22-0119 | Randy G. Cobb | PPS22-0130 |
| Kathy Broom | PPS22-0120 | Chad Compton | PPS22-0132 |
| Douglas Brower | PPS22-0477 | Kenneth Condrey | PPS22-0386 |
| Jesse Bruce, Jr. | PPS22-0377 | Sharon Condrey | PPS22-0387 |
| James Burke | PPS22-0378 | Theodore Cordasco | PPS22-0388 |
| Alese Burris | PPS22-0478 | George Covert, II | PPS22-0389 |
| Gary Burt | PPS22-0012 | Christine Crawford | PPS22-0390 |

| | | | |
|---|---|---|---|
| Janet Darragh | PPS22-0391 | James Hannah | PPS22-0030 |
| Bryce Dearborn | PPS22-0392 | Tim Harris | PPS22-0486 |
| Robert Delacy, III | PPS22-0393 | Christy Hartline | PPS22-0149 |
| Robert Delacy, Jr. | PPS22-0394 | James Harvey | PPS22-0150 |
| Dominic DellaPorte | PPS22-0134 | Grace Hazell | PPS22-0151 |
| Richard Dixson | PPS22-0395 | Stephen Heitz | PPS22-0035 |
| Claudia Dohn | PPS22-0482 | Austen Hendrickson | PPS22-0487 |
| Angela Donahue | PPS22-0396 | Jonathan Hennings | PPS22-0416 |
| Dale Dorning | PPS22-0135 | Jessie J. Hernandez | PPS22-0153 |
| Cathrene Drake | PPS22-0483 | Justin J. Herndandez | PPS22-0154 |
| John Dressler | PPS22-0397 | Michael Hibler | PPS22-0155 |
| Rebecca Dressler | PPS22-0398 | Shelby Hibler | PPS22-0156 |
| Alexander C. Duaine | PPS22-0136 | Trinity Hibler | PPS22-0157 |
| Thomas Elmore | PPS22-0399 | James Hise | PPS22-0294 |
| Abel Emiru | PPS22-0137 | Bobbi Hohnholt | PPS22-0417 |
| Donald Eskra, Jr. | PPS22-0400 | Martin Hueckel | PPS22-0159 |
| Sadie Estes | PPS22-0138 | Michael Huffman | PPS22-0039 |
| Cindy Ethridge | PPS22-0401 | Pamela Huffman | PPS22-0040 |
| Larry Evans | PPS22-0402 | Anthony Iavarone | PPS22-0160 |
| Robert Fairbanks | PPS22-0403 | George Illidge | PPS22-0161 |
| William F. Ferrell | PPS22-0022 | Glenn Jackson | PPS22-0163 |
| Robert Finley | PPS22-0023 | Frank H. James | PPS22-0418 |
| Kim Fletcher | PPS22-0404 | Matthew Jankowski | PPS22-0419 |
| Ryan Fortune | PPS22-0405 | Betty A. Johnson | PPS22-0164 |
| John K. Frago | PPS22-0026 | Justin L. Johnson | PPS22-0165 |
| Rhonda Frerichs | PPS22-0406 | Kenneth Kearney | PPS22-0168 |
| Kelsey Garrett | PPS22-0407 | Michael Keating | PPS22-0420 |
| Joseph S. Gates | PPS22-0141 | Christopher Keilbart | PPS22-0421 |
| Natalie Gay | PPS22-0408 | Brent Kirkhart | PPS22-0046 |
| Patti Gay | PPS22-0409 | Janice Kirkhart | PPS22-0047 |
| Richard Gerber | PPS22-0410 | Tyler Kirkhart | PPS22-0048 |
| Louis Gerrick | PPS22-0142 | Gerald Kirschner | PPS22-0422 |
| Monica Gillespie | PPS22-0484 | Michele L. Kriner | PPS22-0169 |
| Adam Golden | PPS22-0411 | Wyman T. Kroft | PPS22-0423 |
| Brad Gordon | PPS22-0144 | Andrea Lambros | PPS22-0424 |
| Tom Gorgone | PPS22-0145 | Cecile R. Landrum | PPS22-0170 |
| Kimberly Greenway | PPS22-0146 | James R. LaRiviere | PPS22-0171 |
| Lynne Grimes | PPS22-0147 | Anthony Lazzara | PPS22-0425 |
| Paul Grimes | PPS22-0485 | John Lichtenegger | PPS22-0489 |
| Charles R. Gunning | PPS22-0028 | Bryan Liebhart | PPS22-0172 |
| Leon Gustus | PPS22-0412 | Charles Lindsay, Jr. | PPS22-0173 |
| David Hahn | PPS22-0413 | Bert Lott | PPS22-0174 |
| Eric Hahn | PPS22-0414 | Dawn Luce | PPS22-0426 |
| Stefanie Hahn | PPS22-0415 | Ellen MacFarland | PPS22-0427 |
| Darnell E. Hamilton | PPS22-0029 | Robert Maliuuk | PPS22-0428 |

| | | | |
|---|---|---|---|
| Winnonna Maliuuk | PPS22-0429 | Nancy Porter | PPS22-0442 |
| Richard Markowitz | PPS22-0430 | Benjamin Purser | PPS22-0498 |
| Michael Marra | PPS22-0179 | Richard Ramirez | PPS22-0443 |
| Deborah J. Martin | PPS22-0175 | Charles Reardon | PPS22-0444 |
| Michael Martin | PPS22-0176 | Christopher Reed | PPS22-0210 |
| Thomas Matthews | PPS22-0180 | Edward Reed | PPS22-0445 |
| Michael McCann | PPS22-0431 | Gavin Rees | PPS22-0446 |
| Michael J. McMahon | PPS22-0183 | Craig Reynolds | PPS22-0447 |
| Michael Meador | PPS22-0060 | Betty G. Rice | PPS22-0448 |
| James R. Meadows | PPS22-0186 | Karen L. Rice | PPS22-0449 |
| Nancy Measheaw | PPS22-0432 | Terri Richards | PPS22-0212 |
| Jerry Melber | PPS22-0187 | Cheryl Richey | PPS22-0213 |
| Eric Mendenhall | PPS22-0434 | Richard C. Ross | PPS22-0215 |
| Jenna Mendoza | PPS22-0188 | David M. Roberts | PPS22-0086 |
| Matthew Millhollin | PPS22-0062 | Patricia J. Roberts | PPS22-0087 |
| Amanda L. Mincheff | PPS22-0189 | Edna L. Russell | PPS22-0093 |
| Vivian G. Mitchell | PPS22-0190 | Mark A. Russell, Jr. | PPS22-0218 |
| Carla Monegain | PPS22-0434 | Ligno Sanchez | PPS22-0450 |
| Christopher Moore | PPS22-0435 | Brenda M. Schiwitz | PPS22-0094 |
| Michael Morrison | PPS22-0436 | Edward Schuch | PPS22-0451 |
| Zachary Mueller | PPS22-0437 | Nathaniel Scott | PPS22-0219 |
| Linda M. Murphy | PPS22-0191 | Richard Shaver | PPS22-0221 |
| Kelly A. Murski | PPS22-0192 | Joe B. Sherrod | PPS22-0222 |
| Paul Nadarzzi | PPS22-0193 | Katie Shiflett | PPS22-0452 |
| Jeremy L. Nicholas | PPS22-0194 | Kenneth Short | PPS22-0453 |
| Jeffrey L. Nichols | PPS22-0195 | Jeannie M. Simon | PPS22-0223 |
| Michael Noble | PPS22-0196 | Kenyardia Sims | PPS22-0500 |
| Michael Nolan | PPS22-0491 | Raymond Sinclair | PPS22-0454 |
| Colter Norris | PPS22-0197 | Thomas H. Skinner | PPS22-0224 |
| Dennis Norris | PPS22-0198 | Brian Smith | PPS22-0225 |
| Kody Norris | PPS22-0199 | Bryan Smith | PPS22-0501 |
| Daryl Oesterich | PPS22-0438 | Gean Smith | PPS22-0226 |
| Elizabeth Ostman | PPS22-0439 | John K. Smith | PPS22-0502 |
| Tory J. Owens | PPS22-0071 | Anthony Spada | PPS22-0228 |
| Craig Palmer | PPS22-0440 | Melissa Spencer | PPS22-0503 |
| Cynthia Paris | PPS22-0441 | Barbara Steil | PPS22-0455 |
| Orlando Parra-Alvarez | PPS22-0201 | Randy Stone | PPS22-0229 |
| Cody Patton | PPS22-0202 | Sonja R. Stone | PPS22-0230 |
| James Perna | PPS22-0494 | Steven Stosur | PPS22-0456 |
| George Perry | PPS22-0495 | Brittney Strozier | PPS22-0231 |
| Vincent A. Piazza | PPS22-0204 | Kenneth Sullenberger | PPS22-0504 |
| Brian Pierce | PPS22-0496 | Cody Swartz | PPS22-0457 |
| Timothy Pinney | PPS22-0205 | Ramona Talvacchio | PPS22-0458 |
| Kenny Polizzi | PPS22-0497 | Jeffrey Teitel | PPS22-0233 |
| Evelyn L. Porter | PPS22-0206 | Devon M. Thomas | PPS22-0459 |

| | | | | |
|---|---|---|---|---|
| Jeffrey Thomas | PPS22-0460 | | Stephan R. Waters | PPS22-0242 |
| LaVonda Martinez-Thompson | PPS22-0461 | | Barbara West | PPS22-0466 |
| Michelle Tomlin | PPS22-0462 | | Jane Weston | PPS22-0467 |
| Sean Updegrave | PPS22-0463 | | Roger White | PPS22-0468 |
| Harold Vantassel | PPS22-0512 | | Sheri Williams | PPS22-0469 |
| Margarita Vasquez | PPS22-0235 | | Gregory Willing | PPS22-0105 |
| Robert E. Vick, II | PPS22-0238 | | Conni Wilson | PPS22-0107 |
| Bradley Votaw | PPS22-0239 | | Deborah A. Wilson | PPS22-0470 |
| Beth Wachowski | PPS22-0464 | | Mitch Wirth | PPS22-0245 |
| Joseph Wachowski | PPS22-0465 | | Robert Yates | PPS22-0513 |
| Ambiko Wallace | PPS22-0240 | | Michele A. Zera | PPS22-0471 |
| Vance M. Warren, Sr. | PPS22-0241 | | | |

as private process servers in the above-captioned matter.  In support of said motion, Plaintiff/Petitioner states that the above-named individuals are on the Court's list of approved process servers and the information contained in their applications and affidavits on file is current and still correct.

Respectfully Submitted,
*/s/ Kevin T. Young*
Plaintiff/Petitioner's Signature

## ORDER FOR APPOINTMENT OF PRIVATE PROCESS SERVER

It is hereby ordered that Petitioner/Plaintiff's Motion for Appointment of Private Process Server is sustained and the above-named individuals are hereby appointed to serve process in the above captioned matter.

DATE: _____03-Mar-2022_____

DEPUTY COURT ADMINISTRATOR



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JOEL P FAHNESTOCK | Case Number: 2216-CV03974 |
| Plaintiff/Petitioner:<br>LAURA KANEASTER | Plaintiff's/Petitioner's Attorney/Address:<br>KEVIN TIMOTHY YOUNG<br>801 W 47TH ST<br>SUITE 107<br>**vs.** KANSAS CITY, MO 64112 |
| Defendant/Respondent:<br>PAUL PHILLIPS | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Wrongful Death | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: PAUL PHILLIPS
                Alias:

**1378 N. 2700 EAST ROAD**
**LE ROY, IL 61752**

## PRIVATE PROCESS SERVER

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

*JACKSON COUNTY*

03-MAR-2022
Date                             Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
   ☐ (for service on a corporation) delivering a copy of the summons and petition to _____ (name) _____ (title).
   ☐ other _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____       _____
  Printed Name of Sheriff or Server                Signature of Sheriff or Server

          **Subscribed and sworn to** me before this _____ (day) _____ (month) _____ (year)
          I am: (check one)   ☐ the clerk of the court of which affiant is an officer.
                            ☐ the judge of the court of which affiant is an officer.
                            ☐ authorized to administer oaths in the state in which the affiant served the above summons.
        *(Seal)*                  (use for out-of-state officer)
                            ☐ authorized to administer oaths. (use for court-appointed server)

                                      _____
                                          Signature and Title

| **Service Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ ( _____ miles @ $ _____ per mile) |
| **Total** | $_____ |

         **See the following page for directions to officer making return on service of summons.**

# Directions to Officer Making Return on Service of Summons

A copy of the summons and petition must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and petition when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

Case 4:22-cv-00253-DGK   Document 1-1   Filed 04/19/22   Page 27 of 31

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

6/2020



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JOEL P FAHNESTOCK | Case Number: 2216-CV03974 |
| Plaintiff/Petitioner:<br>LAURA KANEASTER | Plaintiff's/Petitioner's Attorney/Address:<br>KEVIN TIMOTHY YOUNG<br>801 W 47TH ST<br>SUITE 107<br>KANSAS CITY, MO 64112 |
| vs. | |
| Defendant/Respondent:<br>PAUL PHILLIPS | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Wrongful Death | |
| | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: ARMSTRONG BUILDERS, INC.
Alias:

**PRIVATE PROCESS SERVER**

RA: THOMAS ARMSTRONG
1701 TULLAMORE AVE.
SUITE A
BLOOMINGTON, IL 61704

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

*JACKSON COUNTY*

03-MAR-2022
Date
_____ Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
   ☐ (for service on a corporation) delivering a copy of the summons and petition to _____ (name) _____ (title).
   ☐ other _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Subscribed and sworn to** me before this _____ (day) _____ (month) _____ (year)

I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| **Service Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____ miles @ $_____ per mile) |
| **Total** | $_____ |

**See the following page for directions to officer making return on service of summons.**

# Directions to Officer Making Return on Service of Summons

A copy of the summons and petition must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and petition when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

Case 4:22-cv-00253-DGK   Document 1-1   Filed 04/19/22   Page 30 of 31

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.

Circuit Court of Jackson County

6/2020