IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| LAURA KANEASTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-CV-00253-DGK |
| | ) | |
| PAUL PHILLIPS and | ) | |
| ARMSTRONG BUILDERS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER APPROVING WRONGFUL DEATH SETTLEMENT**

This case involves a fatal accident. Plaintiff Laura Kaneaster's son, Trace Kaneaster, was killed when the motorcycle he was operating crashed into a truck owned by Defendant Armstrong Builders, Inc. ("Armstrong"), which was at the time of the accident being operated by Defendant Paul Phillips, an employee of Defendant Armstrong. Plaintiff filed a wrongful death lawsuit against each defendant in the Circuit Court of Jackson County, Missouri. Defendants removed to this Court.

Now before the Court is Plaintiff's motion for approval of the wrongful death settlement, ECF No. 29. The Court held a hearing on September 21, 2022. After review of the motion, the parties' joint brief supporting approval of the settlement, ECF No. 33, the settlement agreement, ECF No. 33-5, the amended proposed allocation of settlement proceeds, ECF No. 35-1, and other supporting documents, the Court GRANTS the motion.

Under Missouri law, a wrongful death settlement requires court approval. *See* Mo. Rev. Stat. § 537.095.1. To obtain approval, a plaintiff must demonstrate that: (1) he or she diligently attempted to notify all spouses, children, and parents of the decedent, and if none of those relatives survive, then the siblings of the decedent, *id.*; *id.* § 537.080.1; (2) the amount of settlement is fair

and reasonable, *see id.* § 537.095.3; and (3) the attorneys' fees are paid in accordance with the Missouri Rules of Professional Conduct, *see id.* § 537.095.4(2); *see, e.g.*, *Eng v. Cummings, McClorey, Davis & Acho, PLC*, 611 F.3d 428, 435 (8th Cir. 2010).

Plaintiff has demonstrated that the settlement complies with the law's requirements. First, Plaintiff has satisfied the notice requirements. Decedent was not married and had no children. Plaintiff gave proper notice to decedent's father, Paul Christmann, whose attorney entered an appearance in this case and has negotiated for a portion of the overall settlement on his client's behalf.

Second, the Court finds the gross settlement amount of $162,500 to be fair and reasonable compensation for this wrongful death claim. Regarding the proposed apportionment, Plaintiff maintained a close relationship with decedent up until his death. By contrast, at the time of decedent's death Mr. Christmann had not seen decedent in a number of years. The Court therefore concludes that the agreed upon ninety-ten split—whereby Plaintiff will receive $146,250 and Mr. Christmann $16,250 in gross proceeds—is fair and reasonable.

Finally, given the facts of this case, Plaintiff's and Mr. Christmann's Counsel's 40 percent contingency fees do not violate the Rules of Professional Conduct. *See* Mo. R. Prof. Conduct 4-1.5(a). Further, the litigation expenses of $6,856.84 appear reasonable.

Consequently, the Court approves the settlement.

## Conclusion

For the above reasons, Plaintiff's motion for approval of the wrongful death settlement, ECF No. 29, is GRANTED. The Court approves the settlement agreement, ECF No. 33-5. The parties must execute the settlement agreement's terms, and apportion and distribute the settlement

proceeds as described therein.  Once the parties have done so, they shall file a stipulation of dismissal with prejudice.

**IT IS SO ORDERED.**

Dated:  September 22, 2022    /s/ Greg Kays
                              GREG KAYS, JUDGE
                              UNITED STATES DISTRICT COURT